UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NYP HOLDINGS, INC.,

                                        Plaintiff,

                                                                    **COMPLAINT**

          - against -

TWIN CITY FIRE INSURANCE COMPANY,

                                        Defendant.

-------------------------------------------------------------------X


          Plaintiff NYP Holdings, Inc. (hereinafter "NYP"), by its attorneys Keating &

McHugh, for its Complaint against Twin City Fire Insurance Company (hereinafter "Twin

City"), alleges as follows:

## NATURE OF THE ACTION

          1.          By this action, plaintiff seek declaratory, monetary and related ancillary

relief pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 et seq., against

defendant Twin City concerning the insurance obligations of Twin City resulting from an alleged

accident on July 11, 2004 at NYP's Port Morris Printing and Distribution Center in which John

Gately (hereinafter "Gately") alleges he was injured.

## PARTIES

          2.          Plaintiff NYP is a corporation organized under the laws of the State of

Delaware with its principal place of business in New York, New York.

3.    On July 11, 2004, NYP operated a facility at 900 E. 132nd Street, Bronx County, State of New York for the printing and distribution of the New York Post newspaper, which facility is referred to herein as the "Port Morris Printing and Distribution Center."

4.    Upon information and belief, Defendant Twin City is a corporation organized under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana and has been authorized by the Superintendent of Insurance to do business in the State of New York and is doing business in the State of New York.

<u>JURISDICTION AND VENUE</u>

8.    This action is within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §1332, insofar as there is complete diversity of citizenship of the parties and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

9.    Venue lies in this district pursuant to 28 U.S.C. §1391.

<u>STATEMENT OF FACTS</u>

10.    On or about June 1, 2002, NYP contracted with Paper Service, A Division of Transervice Lease Corp. (hereinafter "Transervice") for the maintenance and repair of certain equipment, including clamp trucks, located at the Port Morris Printing and Distribution Center (hereinafter the "Equipment Maintenance Contract").

11.    By the terms of the Equipment Maintenance Contract, Transervice was required to obtain General Liability Insurance in the amount of $1 million and Umbrella Liability coverage in the amount of $5 million, and to include NYP and its agents and employees as "additional insureds" with respect to each coverage.

12. On information and belief, on or about April 1, 2007, Twin City issued its Policy No. 31CSEJ51603 (hereinafter the "Twin City Policy") to Transervice providing commercial general liability coverage for the period from April 1, 2007 to April 1, 2008.

13. On or about March 30, 2007, NYP was issued a Certificate Of Liability Insurance providing that Twin City Policy includes NYP as an additional insured.

14. Gately alleges that on July 11, 2004 he was injured at the Port Morris Printing and Distribution Center while using a clamp truck maintained by Transervice.

15. Gately commenced an action against Transervice in the Supreme Court of the State of New York, County of Westchester, Index No.: 11569/05, alleging that his alleged injury was caused by the negligence, fault and/or culpable conduct of Transervice in the maintenance of the clamp truck.

16. In or about April 24, 2007, Transervice commenced an action against NYP in the Supreme Court of the State of New York, County of Westchester, Index No.: 07979/07 (hereinafter the "Transervice Action") seeking judgment over for any amount, judgment or verdict rendered against Transervice for the alleged injury to John Gately on July 11, 2004.

17. On or about June 4, 2007, Plaintiff notified Twin City of the commencement against it of the Transervice Action and tendered its defense , but Twin City has not assumed the defense of said action or disclaimed coverage.

18. In consequence, plaintiff was obliged to and did engage counsel to defend said action.

19. Plaintiff has performed all of its obligations under the Twin City Policy and/or otherwise.

FIRST CLAIM FOR RELIEF

**Claim for declaratory relief as to Insurance Coverage**

20.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 19 as if fully set forth herein.

21.    An actual case or controversy exists between plaintiff and Twin City regarding Twin City's insurance coverage obligations to NYP for the claim brought by Transervice as a result of the alleged injury to John Gately, including the claims alleged in the Transervice Action.

22.    Under New York law and the coverage that Twin City agreed to provide, plaintiff is an additional insured with respect to the Twin City Policy and is entitled to be defended and indemnified against any and all liability for Gately's alleged injury, including for any amount, judgment or verdict rendered against it in the Transervice Action.

23.    Accordingly, plaintiff is entitled to a declaration that Twin City is obligated to defend and indemnify NYP against the Transervice Action, and any claim to be brought as a result of the alleged injury to Gately, to the extent of the $1 million limit of coverage provided by the Twin City Policy.

SECOND CLAIM FOR RELIEF

**Claim for declaratory relief for breach of contract and
partial money judgment for insurance proceeds legally owing**

24.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 23 as if fully set forth herein.

25.    By reason of defendant's wrongful refusal to accept plaintiff's tender of defense in the Transervice Action, plaintiff was obliged to and has engaged counsel to defend said action at its own costs and such costs are continuing to accrue.

4

26.    If such amount is not promptly paid, the plaintiff will be damaged accordingly, and is entitled to partial judgment against Twin City in the amount of the reasonable defense costs incurred by Plaintiff, which are continuing to accrue, plus pre-judgment and post-judgment interest and costs.

27.    In addition, if such amount is not promptly paid, the plaintiff will be damaged accordingly and is entitled to a declaration that such nonpayment by Twin City constitutes a breach of its contractual obligations including the implied covenant of good faith and fair dealing.

WHEREFORE, judgment should be entered as follows:

A.    On the First Claim for Relief, in favor of plaintiff declaring that Twin City is obligated to defend and indemnify plaintiff against any and all claims, loss and expense resulting from the alleged injury to John Gately, including all claims, loss and expense resulting from the action commenced by Transervice in the Supreme Court of the State of New York and any judgment or settlement of that action, up to the $1 million limit of coverage of the Twin City Policy.

B.    On the Second Claim for Relief, for partial judgment in favor of plaintiff against Twin City in the amount of the reasonable defense costs incurred by Plaintiff, plus pre-judgment and post-judgment interest and costs, and a declaration that refusal by Twin City promptly to pay this amount constitutes a breach of its contractual obligations including the implied covenant of good faith and fair dealing;

C.    Retaining jurisdiction to ensure that Twin City fully complies with its ongoing insurance coverage obligations;

D.    Awarding plaintiff their costs of suit, including reasonable attorneys' fees;

and

E.     Granting plaintiff such other and further relief as the Court may deem just

and proper.

Dated: September 18, 2007
      New York, New York

KEATING & MCHUGH

By _____

Peter J. McHugh (PM9877)
John F. Keating (JK5449)
Attorneys for Plaintiff
30 Vesey Street, 15th Floor
New York, NY  10007
(212) 608-5657 (v)
(866) 408-1843 (f)
pjm@keatingmchugh.com
jfk@keatingmchugh.com