UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

NYP HOLDINGS, INC.,

                            Plaintiff,

    - against -

TWIN CITY FIRE INSURANCE COMPANY,

                            Defendant.

------------------------------------------------------------------X

Docket No.: 07 Civ. 8155 (WHP)

**ANSWER**

Defendant, Twin City Fire Insurance Company ("Twin City"), by its attorneys Gallo Vitucci Klar Pinter & Cogan, answering the Complaint of plaintiff NYP Holdings, Inc. ("NYP"), respectfully states and alleges:

### AS AND FOR A RESPONSE TO "NATURE OF THE ACTION"

1.     Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response; and denies that Twin City has any insurance obligations to NYP regarding the referenced accident by John Gately.

### AS AND FOR A RESPONSE TO "PARTIES"

2.     Admit.

3.     Admit.

4.     Admit the allegations alleged therein, except that Twin City's principal place of business is Connecticut.

[There are no allegations numbered 5, 6 or 7.]

### AS AND FOR A RESPONSE TO "JURISDICTION AND VENUE"

8. Denies that there is proper subject matter jurisdiction insofar as the amount in controversy is less than $75,000.

9. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response.

### AS AND FOR A RESPONSE TO "STATEMENT OF FACTS"

10. Denies the allegations, but admits that "New York Post" contracted with Paper Service, a Division of Transervice Lease Corp. ("Transervice") on or about June 1, 2002.

11. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response; respectfully refers the Court to the document referred to therein; and otherwise denies each and every allegation alleged therein.

12. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response and respectfully refers the Court to the document referred to therein.

13. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response; and respectfully refers the Court to the document referred to therein; denies that NYP is an additional insured regarding any claim or lawsuit that was asserted and/or commenced as a result of the referenced accident by John Gately; and otherwise denies each and every allegation alleged therein.

14. Denies the allegations, but admits that Transervice performed certain repairs and maintenance to the clamp trucks at the referenced facility and that Gately alleges to have been injured on July 11, 2004 at the referenced facility.

15. Neither admits nor denies the allegations; respectfully refers the Court to the document referred to therein; and otherwise denies each and every allegation alleged therein.

16. Neither admits nor denies the allegations and respectfully refers the Court to the document referred to therein.

17. Denies each and every allegation alleged therein.

18. Neither admits nor denies those allegations which contain conclusions of law and which therefore require no response and otherwise denies any knowledge or information sufficient to form a belief.

19. Denies each and every allegation alleged therein.

### AS AND FOR A RESPONSE TO THE FIRST CLAIM FOR RELIEF
### (Claim for Declaratory Relief as to Insurance Coverage)

20. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein.

21. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response and denies that an actual case or controversy exists insofar as all referenced claims and litigations have been settled and/or otherwise resolved.

22. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response; denies that there is any current or potential liability to NYP relative to the alleged accident of John Gately; and otherwise denies each and every allegation alleged therein.

23. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response; states that the allegation is moot insofar as the "Transervice Action" has been settled and/or otherwise resolved; and otherwise denies each and every allegation alleged therein.

### AS AND FOR A RESPONSE TO THE SECOND CLAIM FOR RELIEF
### (Claim for Declaratory Relief for Breach of Contract and
### Partial Money Judgment for Insurance Proceeds Legally Owing)

24. Repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein.

25. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response and otherwise denies each and every allegation alleged therein.

26. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response and otherwise denies each and every allegation alleged therein.

27. Neither denies nor admits those allegations which contain conclusions of law and which therefore require no response and otherwise denies each and every allegation alleged therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. This Court lacks subject matter jurisdiction over this action because the amount in controversy does not exceed $75,000.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. NYP has failed to comply with the express and/or implied terms of the purported insurance contract by, among other things, failing to timely provide notice.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. NYP has failed to comply with the express and/or implied terms of the underlying contract with Transervice.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32. An actual case or controversy does not exist insofar as all referenced underlying claims and litigations have been settled and/or otherwise resolved.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33. This action is barred by the doctrine of laches.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34. This action is barred by the doctrine of waiver.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

35. This action is barred by the doctrines of collateral estoppel and *res judicata*.

**WHEREFORE**, defendant Twin City demands judgment dismissing the Complaint, together with attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
November 27, 2007

Yours, etc.,

GALLO VITUCCI KLAR PINTER & COGAN

By: HOWARD L. COGAN (HC8202)
*Attorneys for Defendant*
185 Madison Avenue, 12th Floor
New York, New York 10016
(212) 683-7100 (T)
(212) 683-5555 (F)
hcogan@gvlaw.com

5

To:

KEATING & McHUGH
*Attorneys for Plaintiff*
7 Dey Street, Suite 700
New York, New York 10007
(212) 608-5657

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                   ) SS.:
COUNTY OF NEW YORK )

The undersigned being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in the County of Richmond, and that on the 27th day of November, 2007, she served the within **ANSWER** upon:

KEATING & McHUGH
*Attorneys for Plaintiff*
7 Dey Street, Suite 700
New York, New York 10007

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
Shamilla Ali

Sworn to before me this
27th day of November 2007

_____

MICHAEL L. MORIELLO
Notary Public, State of New York
No. 02MO6102053
Qualified in New York County
Commission Expires 11/24/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Docket No.: 07 Civ.8155 (WHP)

---

NYP HOLDINGS, INC.,

                        Plaintiff,

- against -

TWIN CITY FIRE INSURANCE COMPANY,

                        Defendant.

---

## ANSWER

---

**GALLO VITUCCI KLAR PINTER & COGAN**
*Attorneys for Defendant*
185 Madison Avenue, 12th Floor
New York, New York 10016
Tel: (212) 683-7100
Fax: (212) 683-5555
File No.: TS-5001