# Gallo Vitucci Klar Pinter&Cogan

185 Madison Avenue, 12th Floor
New York, New York 10016
Telephone (212) 683-7100
Facsimile (212) 683-5555
www.gvlaw.com

New Jersey Office:
140 Sylvan Avenue
Englewood Cliffs, NJ 07632
Telephone (201) 242-1011
Facsimile (201) 461-2621

NOV 3 0 2007

November 28, 2007

**VIA ECF & REGULAR MAIL**
Judge William H. Pauley, III
United States District Judge
Daniel Patrick Moynihan US Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

**MEMO ENDORSED**

Re:   NYP Holdings, Inc. v. Twin City Fire Insurance Company
      Docket No.: 07 Civ. 8155 (WHP)

Dear Judge Pauley:

We represent defendant Twin City Fire Insurance Company ("Twin City") in connection with the above-referenced matter. We respectfully request a pre-motion conference to address the following: 1) remanding this matter to state court as the matter in controversy is less than $75,000; and 2) dismissing and/or partially dismissing the instant claims for relief by plaintiff NYP Holdings, Inc. ("NYP") insofar as these claims are moot and insofar as no actual case or controversy exists. Alternatively, we respectfully request that the foregoing issues be addressed at the previously scheduled pretrial conference herein – December 21, 2007 at 11:30 a.m.

By way of background, NYP commenced the instant action seeking declaratory relief against Twin City. The first claim for relief seeks a declaration that NYP is an additional insured on a certain policy of insurance purportedly issued by Twin City to Paper Service, a Division of Transervice Lease Corp. ("Transervice") and is entitled to coverage in connection with a separate declaratory

*Application granted.*
SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
12/4/07

Judge William H. Pauley, III
*NYP Holdings, Inc. v. Twin City Fire Ins. Co.*
07 Civ. 8155 (WHP)
Page <2>

judgment action brought by Transservice against NYP[1]. More particularly, NYP claims entitlement to a defense and indemnity relative to the <u>Transservice v. NYP</u> action.

It is respectfully submitted that the foregoing claim is moot as the <u>Transservice v. NYP</u> action has been discontinued and the underlying personal injury action settled[2]. After the <u>Gately v. Transservice</u> action settled, NYP and Transservice executed and filed a Stipulation of Discontinuance with Prejudice.

NYP's second claim for relief herein alleges "breach of ... contractual obligations including the implied covenant of good faith and fair dealing". Presumably, NYP is claiming a breach of the purported insurance agreement. In any event, according to NYP's counsel, approximately $13,000 was incurred by NYP in connection with NYP's defense of the <u>Transservice v. NYP</u> action[3]. Without admitting that NYP is entitled to these legal costs, it is respectfully noted that the undersigned has not yet had an opportunity to review counsel's invoices for professional services. Thus, the undersigned cannot comment as to whether the foregoing costs and fees are even potentially recoverable, as well as whether the costs and fees are reasonable.

NYP's counsel agrees that NYP is not entitled to any legal costs incurred in connection with NYP's prosecution of the instant action. In view of the foregoing, NYP's maximum recovery herein is $13,000 – aside from any costs or interest.

The purported basis for subject matter jurisdiction in this matter is 28 U.S.C. §1332, insofar as there is diversity of citizenship and the amount in controversy exceeds $75,000. Although NYP had potential exposure in excess of $75,000 when the instant matter was commenced[4], there is no dispute that the amount in controversy is presently well below $75,000.

---

[1] Supreme Court of the State of New York, County of Westchester, Index No.: 07979/07. This action sought contractual indemnification in connection with a personal injury action brought by John Gately in the Supreme Court of the State of New York, County of Westchester against Transservice under Index No. 11569/05. Mr. Gately claims to have sustained personal injuries while operating a clamp truck during the course of his employment for NYP as a paper handler at a NYP newspaper facility on July 11, 2004. Transservice had certain repair and maintenance responsibilities relative to the clamp trucks. Transservice denied any negligence relative to the accident. Both Transservice and an engineering expert it retained determined that the accident was solely the fault of Mr. Gately and/or NYP.

[2] The <u>Gately v. Transservice</u> action settled for the sum of $50,000.

[3] Only limited documentary discovery was conducted in this action. There were no depositions, motions or court appearances prior to the discontinuance of the action.

[4] The <u>Gately v. Transservice</u> action ultimately settled for $50,000; however, Gately's counsel had made several settlement demands in excess of this number prior to settlement.

Judge William H. Pauley, III
*NYP Holdings, Inc. v. Twin City Fire Ins. Co.*
07 Civ. 8155 (WHP)
Page <3>

The undersigned discussed with NYP's counsel the possibility of discontinuing the instant action without prejudice and commencing a new action in state court. Counsel, however, was not amenable to this course of action.

Thank you for considering the foregoing. I am, of course, available at Your Honor's convenience should there be any questions.

Respectfully Submitted,

HOWARD L. COGAN (HC8202)

HLC/sa

cc: (via ECF & Regular Mail)

Peter J. McHugh, Esq.
Keating & McHugh
7 Dey Street, Suite 700
New York, New York 10007